UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case Nos.   06-Cr-164-pp
                                                                  18-cv-301-pp

DAVID W. HARRIS,

    Defendant.

**ORDER CONSTRUING THE DEFENDANT'S LETTER REQUEST AS A MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 162), DIRECTING CLERK OF COURT TO OPEN A SEPARATE CIVIL 28 U.S.C. §2255 CASE WITH THE MOTION AND DISMISSING AS A SECOND OR SUCCESSIVE §2255 MOTION**

      The defendant has written a letter asking the court to correct his PSR, and to appoint him counsel to file a Johnson claim. Dkt. No. 162. The defendant argues that his Presentence Investigation Report is wrong and that his 120-month mandatory minimum sentence was based on a now-invalid conviction.

      Judge Rudolph T. Randa sentenced the defendant nine and a half years ago, on November 21, 2008. Dkt. No. 112. The Seventh Circuit affirmed the conviction and sentence on February 3, 2010. Dkt. No. 132. Since then, the defendant has filed multiple §2255 motions and motions to reconsider, resulting in seven separate lawsuits raising the same claim. Harris v. United States, Case Nos. 10-cv-445 (E.D. Wis.); 10-cv-1096 (E.D. Wis.); 11-cv-203 (E.D. Wis.); 11-cv-269 (E.D. Wis.); 11-cv-947 (E.D. Wis.); 13-cv-916 (E.D. Wis.);

16-cv-409 (E.D. Wis.). In each case, the defendant argued that his sentence had been miscalculated because his prior conviction in <u>State of Arkansas v. David Wayne Harris</u>, Case No. 02-CR-704 had been sealed or dismissed.

Judge Randa denied the defendant's first §2255 motion, finding that even if the defendant was correct in arguing that his Arkansas conviction was not valid, he had second drug conviction which also triggered the mandatory minimum. <u>Harris v. United States</u>, 10-cv-445-RTR at Dkt. No. 12 (E.D. Wis.). When the defendant filed the second motion, Judge Randa determined that he lacked jurisdiction to rule on it because the defendant had not applied for permission to file a second or successive motion attacking the same conviction and sentence as the first motion had attacked. <u>Harris v. United States</u>, 11-cv-269 at Dkt. No. 2 (E.D. Wis.). The Seventh Circuit Court of Appeals affirmed, and denied the defendant's requests for a certificate of appealability. <u>Id.</u> at Dkt. No. 17. Judge Randa made the same determination in the other motions the defendant filed. The defendant's most recent letter is an attempt to circumvent the prior orders of the district court; the defendant knows he must ask the Seventh Circuit's permission to file a successive petition.

**I.     Procedural History**

On August 19, 2008, a jury returned a guilty verdict as to count two of the superseding indictment charging the defendant with possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B). <u>United States v. Harris</u>, Case No. 06-cr-164, Dkt. No. 107. Judge Randa sentenced the defendant to a 120-month mandatory minimum

sentence, which both parties agreed was a sufficient sentence. Id. at Dkt. No. 111. The defendant filed a direct appeal, and the Seventh Circuit Court of Appeals affirmed his conviction. Id. at Dkt. No. 132; United States v. Harris, 585 F.3d 394 (7th Cir. 2009).

Three months later, the defendant filed a motion to vacate under 28 U.S.C. §2255, arguing that (1) he was entitled to resentencing because an Arkansas Circuit Court had issued an order of *nolle prosequi* with respect to his 2003 conviction, and (2) his counsel had been ineffective during the suppression hearing in failing to argue that a traffic citation was a mistake of law. Dkt. No. 134; see also Harris v. United States, Case No. 10-cv-445 (E.D. Wis.). Judge Randa denied the motion, in part, because while the 120-month mandatory minimum was triggered by a prior drug conviction, the Arkansas conviction was not the defendant's only prior drug conviction. Case No. 06-CR-164, Dkt No. 97; Case No. 10-cv-445, Dkt. No. 12 at 1. Even if the defendant had been correct as to the Arkansas conviction, Judge Randa found the other conviction sufficient to trigger the mandatory minimum. Id. at 2. The Seventh Circuit denied the defendant's request for a certificate of appealability, finding no substantial showing of a denial of a constitutional right. Case No. 10-cv-445, Dkt. No. 30.

The defendant filed six more motions seeking reconsideration and challenging his sentence in this district. Case. Nos. 10-cv-1096, 11-cv-203, 11-cv-269, 11-cv-947, 13-cv-916, 16-cv-409. Judge Randa denied each of these motions as a second or successive petition requiring leave of the Seventh

3

Circuit. When dismissing Case No. 13-cv-916, Judge Randa warned the defendant that the court would sanction the defendant under Rule 11 of the Federal Rules of Civil Procedure if he filed another successive motion without seeking the Seventh Circuit's permission. Case No. 13-cv-916, Dkt. No. 2.

Despite that warning, on December 21, 2015, the defendant filed a motion for leave to file a successive §2255 with the *district* court. Case No. 06-CR-164, Dkt. No. 147. Judge Randa again denied the motion for lack of jurisdiction, as well as the defendant's motion for recusal. Dkt. No. 150. Judge Randa denied a subsequent motion for reconsideration, clarifying that "if Harris is seeking leave to file a successive motion under 28 U.S.C. §2255, this court lacks jurisdiction to entertain such a motion. If, instead, Harris is actually filing a substantive §2255 motion, the court lacks jurisdiction because such a motion would be second or successive. Either way, no jurisdiction." Dkt. No. 155.

Within months, the defendant filed another motion to vacate under §2255, claiming, among other things, actual innocence. Case No. 16-cv-409, Dkt. No. 1. Judge Randa dismissed that case three weeks later for lack of subject matter jurisdiction. Id., at Dkt. No. 3. The Seventh Circuit held that the district court's dismissal was proper because the defendant had not sought permission from the Seventh Circuit to file a successive motion, and warned that future repetitive filings would result in sanctions. Id. at Dkt. No. 12.

The clerk of court reassigned the underlying criminal case to this court on April 10, 2017, and the court granted the defendant's motion to travel

4

outside the United States. Case No. 06-cr-164, Dkt. No. 160. On June 1, 2017, the court transferred jurisdiction over the defendant's supervised release to the Eastern District of Arkansas. Id. at Dkt. No. 161. The defendant returned to this court two months later with the current request for correction of his PSR and the request that the court appoint counsel to help him pursue yet another §2255 motion. Id. at Dkt. No. 162.

## II.     Second and Successive Petitions

The court construes the defendant's letter as a second or successive §2255 motion that must be certified "as provided by 28 U.S.C. §2244 by a panel of the appropriate court of appeals" before he may proceed. 28 U.S.C. §2255(h). In this motion, the defendant makes the same arguments he made repeatedly to Judge Randa—that his Arkansas conviction is no longer valid, that Judge Randa used that conviction as "his sole, single justification" for imposing the mandatory minimum, and that the PSR should be changed and the court should appoint him a lawyer. Dkt. No. 162. The defendant does not specifically state that he wants the court to vacate his sentence, but he asks that the court correct the PSR, and he implies (as he has directly argued several times before) that because the Arkansas conviction no longer is valid, the 120-month sentence Judge Randa imposed also was invalid. Regardless of what words he has or has not used, the defendant is asking the court to vacate or correct his sentence.

Section 2244(b)(3)(A) says that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant

5

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." If the appropriate court of appeals has not given the district court that authorization, "the district court lacks jurisdiction over the petition." Kramer v. United States, 797 F.3d 493, 498 (7th Cir. 2015). The defendant has not sought leave from the Seventh Circuit to file this petition, even though he has been told repeatedly that he must do so. That means this court does not have jurisdiction over this motion.

This court will construe the defendant's motion as what it is—a successive §2255 motion. It will direct the clerk's office to open a civil case using this motion, and will dismiss the case for lack of jurisdiction. The court reminds the defendant that when it denied a certificate of appealability in his last effort to attack his sentence, the Seventh Circuit warned him that if he continued to file motions, it would impose sanctions.

### III. Conclusion

The court **CONSTRUES** the petitioner's letter request as a successive motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Dkt. No. 162.

The court **DIRECTS** the clerk's office to open a separate civil 28 U.S.C.

6

§2255 case with this motion (dkt. no. 162), and **ORDERS** that that case is **DISMISSED** for lack of jurisdiction.

Dated in Milwaukee, Wisconsin this 28th day of February, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**